Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| | | |
|---|---|---|
| MARÍA DELIA BAUZÁ DIA<br>Recurrida<br><br><br>v.<br><br><br>MARIBEL MARRERO MATÍAS<br>Peticionaria | TA2026CE00663 | *Certiorari*<br>procedente del<br>Tribunal de<br>Primera Instancia,<br>Sala de Patillas<br><br>Caso Núm.<br>PA2026CV00082<br><br>Sobre:<br>Desahucio en<br>Precario; Cobro de<br>Dinero |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez

Adames Soto, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 12 de junio de 2026.

En el contexto del proceso sumario provisto por nuestro ordenamiento jurídico para la acción de desahucio en precario, acude ante nosotros la Sra. Maribel Marrero Matías (señora Marrero Matías o peticionaria), solicitando que revoquemos una determinación del Tribunal de Primera Instancia, Sala Superior de Patillas, (TPI), ordenándole el desalojo de la propiedad arrendada que ocupa y el pago de cierta cantidad debida a la recurrida de epígrafe.

Sin embargo, a pesar de no estar planteado en el recurso ante nuestra consideración, el examen del expediente electrónico del foro recurrido revela sin dificultad una cuestión jurisdiccional que se nos impone atender con primacía, referente a la omisión por el foro primario de imponer una fianza de no residente a la parte recurrida, como condición previa necesaria para siquiera iniciar la causa de acción presentada.

## I. Resumen del tracto procesal

Limitándonos a reproducir los datos procesales pertinentes al asunto jurisdiccional advertido, el 13 de abril de 2026, la Sra. María Delia Bauzá Díaz (señora Bauzá Díaz o recurrida), instó una *Demanda* sobre desahucio en precario y cobro de dinero en contra de la aquí peticionaria. La primera alegación incluida en la *Demanda* fue la siguiente:

1. La demandante es mayor de edad, **con dirección física y postal en 19 Temple Circle Winter Haven Florida 33884**. Tiene la demandada todos los recursos para ver su caso mediante video conferencia acompañamos correo electrónico mbauza1126@gmail.com[1]. (Énfasis provisto).

Por lo demás, fue alegado que la parte recurrida arrendó a la señora Marrero Matías el inmueble ubicado en A-6 Valle de la Providencia, Patillas PR 00723, en virtud de una autorización verbal que iba de mes a mes, pero esta incumplió con el pago del arrendamiento, por lo que se solicitaba su lanzamiento y el pago de lo debido.

Habiendo sido expedido el correspondiente *Emplazamiento y Citación* por el Tribunal, en la que se pautaba la celebración de juicio para el 27 de abril de 2026, la recurrida instó moción ante ese mismo foro el 21 de abril de 2026, afirmando haber diligenciado de manera personal el referido emplazamiento a la señora Marrero Matías, para lo cual incluyó el relativo anejo.[2]

A los dos días, el 23 de abril de 2026, la parte peticionaria presentó una *Moción asumiendo representación legal y en solicitud de prórroga*. Tal como lo anuncia la segunda parte del título de la moción, la abogada que solicitó asumir representación de la peticionaria pidió la suspensión de la vista del 27 de abril de 2026, por causa de un viaje que tenía previamente programado para las fechas del 26 de abril al 2 de mayo de 2026. Además, informó que la peticionaria vivía en la residencia arrendada, objeto de la

---

[1] Entrada Núm. 1 de SUMAC.
[2] Entrada Núm. 3 de SUMAC.

causa de acción, junto a menores, y solicitó que se le concediera un término de treinta días para contestar la *Demanda.*[3]

Llegada la fecha del juicio, la vista fue celebrada cual pautada. Según la *Minuta* donde fueron recogidas las incidencias del juicio, al comienzo de la vista el Tribunal atendió la moción de prórroga instada por la abogada de la señora Marrero Matía, concluyendo que "el presente caso es de naturaleza sumaria por lo que la abogada debió contar con disponibilidad en su calendario para asumir la representación; de lo contrario, no debió aceptar la encomienda".[4] Ante lo cual, el Tribunal dio paso a que se condujera el examen directo de la demandante, señora Bauzá Díaz. Según fue plasmado en la *Minuta* aludida, una vez la demandante fue puesta bajo juramento declaró que "**reside en Estados Unidos y viaja con frecuencia a Puerto Rico**".[5] (Énfasis y subrayado provistos). Entonces, luego de esta declarar sobre el contrato de arrendamiento verbal acordado con la peticionaria, el incumplimiento con el pago del canon de arrendamiento y las cantidades debidas, el TPI emitió *Sentencia* el 27 de abril de 2026[6] ordenándole a la señora Marrero Matías desalojar la propiedad arrendada y el pago de lo debido. El mismo foro eximió a la peticionaria del pago de fianza para apelar y le advirtió que el término para radicar tal recurso era de cinco días.

Inconforme, el 4 de mayo de 2026, la señora Marrero Matías instó una *Moción sobre reconsideración y en solicitud de desestimación por falta de jurisdicción.* Imputó falta de legitimación activa de la señora Bauzá Díaz para instar la *Demanda,* por cuanto no era dueña ni titular del inmueble, y tampoco contaba con autoridad de la dueña para instar la reclamación por desahucio.

El TPI denegó dicha moción a próximo día.

---

[3] Entrada Núm. 4 de SUMAC.
[4] Entrada Núm. 5 de SUMAC.
[5] *Íd.*
[6] Entrada Núm. 7 de SUMAC.

Con todo, el mismo 5 de mayo de 2026, la peticionaria instó una *Moción de relevo de sentencia* ante el TPI. Aludiendo a las causas que identifica la Regla 49.2(c) y (d) de Procedimiento Civil, 32 LPRA Ap. V, la señora Marrero Matías esgrimió la ocurrencia de fraude y ausencia de legitimación activa de la demandante para instar la causa de acción. Con relación a la primera de dichas causas, adujo que la parte recurrida había testificado en la vista que la relación de arrendamiento se basaba en un contrato "verbal" con su persona, sin embargo, ello era falso, en tanto existía un contrato de arrendamiento escrito original suscrito con la verdadera dueña de la propiedad, la Sra. Mayna Morales Dilan, con fecha de 5 de febrero de 2025. Por tanto, sostuvo que la recurrida indujo a error al Tribunal al ocultar la existencia del referido contrato y al atribuirse una cualidad de arrendadora que no poseía. Relacionado a lo mismo, también esgrimió que la parte demandante carecía de legitimación activa (standing) para promover el pleito, al no ser la titular del contrato escrito ni la dueña de la propiedad. En consecuencia, a falta de legitimación activa de la demandante-recurrida, la sentencia dictada a su favor era nula.

Tal moción también fue denegada, mediante la siguiente expresión del foro recurrido; "Véase Artículos 620, 622 y 625 del Código de Enjuiciamiento Civil de 1933, según enmendado"[7].

Es así como la señora Marrero Matías recurrió ante nosotros mediante recurso de *certiorari*, imputándole al TPI haber incidido al: ignorar la moción de relevo de sentencia, a pesar de que la sentencia adolece de defectos que la hacen nula; no corresponder el asunto a la sala donde fue juzgado; carecer la demandante-recurrida de legitimación activa para presentar la causa de acción; ignorar la prueba documental sometida que da cuentas de la verdadera titular del inmueble arrendado.

---

[7] Entrada Núm. 11 de SUMAC.

No obstante, una vez examinado el expediente del caso nos percatamos de la posibilidad de que todo el proceso seguido ante el TPI, según aquí recogido, fuese llevado a cabo sin que dicho foro impusiera el pago de una fianza de no residente a la recurrida. Por tanto, en atención a principios de debido proceso de ley, emitimos una Resolución del 3 de junio de 2026, concediéndole término a la parte recurrida para que mostrara causa por la cual no deberíamos revocar la Sentencia emitida, por incumplimiento con la Regla 69.5 de Procedimiento Civil, *infra.*

En consonancia, la parte recurrida compareció ante nosotros mediante escrito en *Cumplimiento de orden.*

## II. Exposición de Derecho

a.

El término *jurisdicción* se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018); *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015); *Horizon Media v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233 (2014).

Tanto los foros de instancia, como los foros apelativos, tienen el deber de analizar de forma prioritaria si poseen jurisdicción para atender las controversias presentadas ante su consideración, puesto, que **los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, <u>incluso cuando ninguna de las partes invoque tal defecto</u>**. (Énfasis y subrayado provistos). *Ruiz Camilo v. Trafon Group, Inc.*, supra, pág. 268; *Horizon Media v. Jta. Revisora, RA Holdings*, supra; *Shell Chemical v. Srio. Hacienda*, 187 DPR 109, 122-123 (2012). Lo anterior responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. Incluso, nuestro Tribunal Supremo ha añadido, que evaluar los aspectos jurisdiccionales son parte de nuestro deber ministerial y debe hacerse antes de que el tribunal pueda conocer del

pleito. *Ruiz Camilo v. Trafon Group, Inc.*, supra; *Mun. San Sebastián v. QMC Telecom, O.G.P.*, 190 DPR 652, 660 (2014); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007). De aquí que, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y proceder a desestimarlo pues no tenemos discreción para asumir jurisdicción donde no la hay. *Mun. San Sebastián v. QMC*, supra; *Yumac Home v. Empresas Massó*, supra.

b.

La acción de desahucio es el mecanismo que tiene el dueño de un inmueble para "recuperar la posesión de hecho de una propiedad, mediante el lanzamiento o expulsión del arrendatario o precarista que la detenta sin pagar canon o merced alguna." *Cooperativa de Vivienda Rolling Hills v. Colón Lebrón*, 203 DPR 812 (2020). El Código de Enjuiciamiento Civil, según enmendado, 32 LPRA sec. 2821 *et seq.*, contempla un procedimiento especial sumario para las acciones de desahucio. Se trata de un proceso expedito, que puede ser presentado por los dueños de la finca, sus apoderados, los usufructuarios, o cualquier otro que tenga derecho a disfrutar la propiedad y sus causahabientes. *Mora Dev. Corp. v. Sandín*, 118 DPR 733 (1987). Su carácter sumario responde al interés del Estado en atender con agilidad el reclamo de una persona que es dueña de un inmueble la cual se le ha impedido ejercer su derecho a poseer y disfrutar del mismo. *Cooperativa de Vivienda Rolling Hills v. Colón Lebrón, supra*; *ATPR v. SLG Volmar-Mathieu*, 196 DPR 5, 9 (2016).

En los juicios de desahucio la parte contra la cual recaiga sentencia podrá apelar la misma conforme a lo dispuesto en la Ley de la Judicatura de 2003. 32 LPRA § 2830, Art. 628. A esos efectos, no se admitirá al demandado el recurso de apelación si no otorga fianza, por el monto que sea fijado por el tribunal, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de apelación. 32 LPRA § 2832,

Art. 630. Así, las cosas, las apelaciones deberán interponerse en el término de cinco (5) días, contados desde la fecha de archivo en autos de la notificación de la sentencia, por las partes perjudicadas por la misma o sus abogados. 32 LPRA § 2831, Art. 629.

A la luz de lo anterior, los términos menores de siete (7) días comienzan a computarse el día después de que ocurre el acto o evento que lo activó. 32 LPRA Ap. V, R. 68.1; *Adm. Vivienda Publica v. Vega Martínez*, 200 DPR 235, 243 (2018). Además, en estos casos también se excluyen del cómputo los días sábados, domingos o días de fiesta legal intermedios. Id. Ahora bien, si el último día del término es un sábado, domingo o día festivo legal, entonces el término se extiende hasta el fin del próximo día que no sea sábado, domingo ni día feriado legal. Id. Es decir, en todo término menor o igual a siete (7) días, se contarán solo los días laborables. Id.

Ahora bien, aunque la prestación de fianza es un requisito jurisdiccional para apelar la sentencia de desahucio, el Tribunal Supremo ha reconocido como excepción, los casos en que el Tribunal de Primera Instancia declara al demandado insolvente. *ATPR v. SLG Volmar Mathieu*, 196 DPR 5 (2016); *Bucaré Management v. Arriaga García*, 125 DPR 153, 158-159 (1990). Como ya digimos, es deber del Tribunal de Primera Instancia fijar el monto de la fianza que el demandado debe otorgar o en la alternativa, eximirle de tener que prestar la fianza debido a su insolvencia. Véase *ATPR v. SLG Volmar Mathieu*, *supra*. A esos fines el Tribunal Supremo indicó que, [E]l efecto de que el tribunal no fije el monto de la fianza en la sentencia es que ésta no será final debido a la falta de un elemento fundamental requerido por ley. **En consecuencia, careciendo de finalidad el término jurisdiccional de cinco días para apelar no empieza a transcurrir hasta que el Tribunal de Primera Instancia establezca la cuantía o, en la alternativa, exima al demandado de tener que prestar la fianza.** (Énfasis provisto). *ATPR v. SLG Volmar Mathieu*, *supra.* De lo que

se sigue que el referido término de cinco (5) días no comenzará a transcurrir hasta tanto el Tribunal de Primera Instancia fije el monto de la fianza que debe otorgarse.  ATPR v. SLG Volmar-Mathieu, *supra*, págs. 14-15.

Al no surgir de la sentencia del TPI ninguna determinación en cuanto a la fianza, procede devolver el asunto al foro de instancia para que enmiende la sentencia, a los fines de "fijar la fianza o, en la alternativa, determinar si los peticionarios están exentos de prestarla debido a su insolvencia." ATPR v. SLG Volmar Mathieu, *supra*.  Hasta que ello no ocurra, "[e]l término jurisdiccional para apelar no comenzará a transcurrir [...] y [se] archive en autos copia de la notificación de la sentencia enmendada". *Íd.*

c.

La Regla 69.5 de Procedimiento Civil, 32 LPRA Ap. V, R.69.5, preceptúa la fianza de una persona demandante **quien no es residente de Puerto Rico**. Esta tiene como propósito ofrecer cierta protección a quienes son demandados por personas que no residen en Puerto Rico. *Diana Martajeva v. Hermán Ferré*, 210 DPR ___ (2022), 2022 TSPR 123; *VS PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253, 261 (2021). La norma se asienta en el razonamiento de que, cuando un reclamante no reside en nuestra jurisdicción, si el demandado prevalece, este puede enfrentar dificultades para recuperar los costos que conllevó su defensa. *Íd.*

Como resultado, la regla procesal aludida se promulgó para garantizar el pago de las costas, gastos y honorarios de abogado en pleitos **instados por personas naturales** o jurídicas **no residentes**. (Énfasis provisto). *Diana Martajeva v. Hermán Ferré*, *supra*; *Yero Vicente v. Nimay Auto Corp.*, 205 DPR 126, 130 (2020). Esta tiene, además, el propósito de desalentar litigios frívolos e inmeritorios. *Diana Martajeva v. Hermán Ferré*, *supra*; *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 20 (1993).

En específico, la Regla 69.5 de Procedimiento Civil dispone lo siguiente:

Cuando la parte reclamante resida fuera de Puerto Rico o sea una corporación extranjera, el tribunal **requerirá que preste fianza** para garantizar las costas, gastos y honorarios de abogados a que pueda ser condenada. **Todo procedimiento en el pleito se suspenderá hasta que se preste la fianza**, que no será menor de mil dólares ($1,000). El tribunal podrá ordenar que se preste una fianza adicional si se demuestra que la fianza original no es garantía suficiente, y los procedimientos en el pleito se suspenderán hasta que se preste dicha fianza adicional.

Transcurridos sesenta (60) días desde la notificación de la orden del tribunal para la prestación de la fianza o de la fianza adicional, sin que ésta haya sido prestada, el tribunal ordenará la desestimación del pleito.

No se exigirá la prestación de fianza a las partes reclamantes que residan fuera de Puerto Rico cuando:

(a) Se trate de una parte litigante insolvente que esté expresamente exceptuada por ley para el pago de aranceles y derechos de presentación;
(b) Se trate de un(a) **copropietario**(a) en un pleito que involucra una propiedad sita en Puerto Rico y al menos otro(a) de los(las) copropietarios(as) también es reclamante y reside en Puerto Rico, o

(c) Se trate de un pleito instado por un(a) comunero(a) para la disolución, liquidación, partición y adjudicación de bienes sitos en Puerto Rico. (Énfasis provisto). 32 LPRA Ap. V. R. 69.5.

Así pues, la Regla 69.5 citada requiere **de forma imperativa la imposición de fianza**. De lo que se sigue que **un tribunal carece de discreción para eximir del requisito de fianza a un demandante no residente** o a una corporación extranjera. (Énfasis y subrayado provistos). *Yero Vicente v. Nimay Auto, supra, pág. 134.* "[E]l lenguaje utilizado en la referida regla acota totalmente la discreción del juez sentenciador para eximir al demandante no residente del pago de la fianza." *Vaillant v. Santander,* 147 DPR 338, 347-348 (1998). De manera que, conforme a su texto, el Tribunal Supremo ha interpretado que "[d]e una lectura de la Regla surge que **la exigencia de la fianza a un reclamante no residente es de carácter mandatorio y todo procedimiento en el pleito**

**queda suspendido hasta que se preste**". *Diana Martajeva v. Hermán Ferré, supra,* citando a *VS PR, LLC v. Drift-Wind, Inc., supra,* págs. 262-263. **El foro primario únicamente tiene discreción para establecer la cuantía de la fianza**, siempre que no sea inferior a mil ($1,000) dólares y, en el caso en que el reclamante no la preste, decretar la inevitable desestimación de la demanda sea o no con perjuicio. (Énfasis provisto). *VS PR, LLC v. Drift-Wind, Inc., supra,* págs. 263, 272.

Si el reclamante extranjero que no está exento de prestar la fianza falla en presentarla dentro del término de sesenta (60) días establecido por la Regla bajo examen, el tribunal ordenará la desestimación del pleito. *VS PR, LLC v. Drift-Wind, Inc., supra.* En suma, **el lenguaje provisto por el cuerpo normativo no es potestativo como en algún momento lo fue ("el juez puede ordenar el sobreseimiento"), sino que es imperativo ("el tribunal ordenará la desestimación del pleito")**. *VS PR, LLC v. Drift-Wind, Inc., supra; Yero Vicente v. Nimay Auto Corp., supra.*

El Tribunal Supremo ha expresado que **"con arreglo a la voluntad legislativa expresada en el lenguaje de la Regla 69.5 de Procedimiento Civil, *supra*, se detiene todo procedimiento ante el tribunal hasta que se preste la fianza de no residente"**. (Énfasis y subrayado provistos). *Diana Martajeva v. Hermán Ferré, supra.*

### III. Aplicación del Derecho a los hechos

Según enfatizamos en el recuento procesal, desde la misma primera alegación contenida en la *Demanda* sobre desahucio en precario instada por la señora Bauzá Díaz se admitió por parte de esta, y se dio conocimiento al TPI, de que se trataba de una demandante no residente de Puerto Rico. Por mandato expreso de la Regla 69.5, supra, dicha sola alegación resultaba en aviso suficiente para que el foro primario estuviera compelido a imponer *ipso facto* el pago de una fianza de no residente a la parte promovente de la causa de acción, como condición para la continuación de los procesos. Sin

embargo, el TPI no impuso la fianza de no residente y determinó continuar los procesos.

A lo dicho se suma que, en la *Minuta* donde se recogieron las incidencias del juicio celebrado quedó plasmado que la demandante-recurrida testificó bajo juramento que "**reside en Estados Unidos y viaja con frecuencia a Puerto Rico**"[8] (Énfasis y subrayado provistos). Si pasó por inadvertida la alegación en la *Demanda* sobre el lugar de residencia de la demandante-recurrida, al menos su declaración bajo juramento en sala sobre su lugar de residencia debió provocar en ese mismo instante la suspensión del proceso e imposición de una fianza de no residente, cuyo pago sería condición para continuar el asunto.

Es decir, no observamos que exista controversia real alguna sobre el hecho de que la recurrida no es residente, por lo que resultaba imperativo que el TPI impusiera la fianza requerida en la Regla 69.5 de Procedimiento Civil, supra, previo a continuar cualquier asunto en el pleito iniciado.

Se debe reconocer, por una parte, que "el requisito de la regla (69.5) se extiende a **aquellos litigantes que no son residentes durante la pendencia del pleito**. El criterio no es domicilio ni ciudadanía". J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, p. 1932, según citado en *Vero Vicente v. Nimay Auto Corp*, supra, pág. 6. Por la otra, a través de todo el expediente del Tribunal **no** se aprecia ninguna de las eximentes reconocidas en las Reglas 69.(5) y (6) de Procedimiento Civil, supra, para la imposición del pago de la fianza de no residente. De manera que, insistimos, el TPI no tenía discreción alguna para omitir la imposición de la fianza de no residente, y la recurrida estaba compelida a pagarla, como paso previo a la continuación de cualquier proceso. En este sentido, el litigante no residente no goza de acceso al foro

---

[8] Entrada Núm. 5 de SUMAC.

judicial hasta que se le fije y pague la referida fianza, *ergo*, el incumplimiento de tales requerimientos imposibilita que se dicte sentencia.

En su moción en *Cumplimiento de orden* la parte recurrida llama nuestra atención al hecho de que la señora Marrero Matías nunca ha levantado como defensa el incumplimiento con la imposición de fianza de no residente como causa para revocar la Sentencia. Tiene razón, pero ello en nada cambia el resultado. Como subrayamos en la exposición de derecho, la imposición de la fianza de no residente es un imperativo legal que correspondía al foro recurrido cumplir, y que, añadimos, bien pudo la parte recurrida levantar *motu proprio* para evitar el resultado al que hoy llegamos. Valga reiterar que, en el contexto de la Regla 69.5 bajo discusión, la única discreción que nuestro ordenamiento reconoce al Tribunal ante un litigante no residente es la de determinar la cantidad a ser pagada en concepto de fianza, pues está compelido a su imposición, quedando autorizado a continuar los procesos solo una vez esta es pagada.

Además, según ya hemos adelantado, los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, **incluso cuando ninguna de las partes invoque tal defecto**. (Énfasis provisto). *Ruiz Camilo v. Trafon Group, Inc.*, supra, pág. 268

Por lo explicado, nos vemos obligados a ordenar la devolución del caso al TPI para que proceda a imponer la fianza de no residente, que, luego de prestada, entonces dará lugar a la celebración del juicio correspondiente.

Resta reconocer que, al así decidir tenemos muy claros el proceso sumario que ordenan los Artículos 620-634 del Código de Enjuiciamiento Civil, supra, para la causa de acción por desahucio en precario. De igual forma sabemos que la presentación de una moción de reconsideración es contraria a tal proceso, como también lo es transgredir el término de cinco días para presentar recurso de *certiorari* ante nosotros por la parte a quien el resultado de un proceso tal le resulte adverso. No obstante, el carácter

mandatorio de la imposición de la fianza al litigante no residente, que no deja espacio discrecional al foro primario para continuar los procesos a falta de su imposición y pago, nos conduce al resultado explicado. Es decir, la imposición y pago de la fianza autorizaba a continuar del proceso, y, en ausencia de ello, el trámite judicial se entendía paralizado, (una vez impuesta la fianza por el Tribunal, incumplir con el pago daría lugar a la desestimación de la causa de acción). Un curso de acción distinto al que hemos alcanzado vulneraría el mandato expreso contenido en la Regla 69.5, supra, según diáfanamente explicado en la jurisprudencia aquí citada.

## IV. Parte dispositiva

Por los fundamentos expuestos, dejamos sin efecto la Sentencia emitida, y devolvemos el asunto al Tribunal de Primera Instancia para que cumpla con el requerimiento de la Regla 69.5 de Procedimiento Civil, momento en el cual, si es pagada la fianza de no residente, quedará habilitado para la continuación de los procesos.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones